## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GLORIVEE SANTIAGO
CRESPO,

        Plaintiff,

v.                                                              Case No. 8:21-cv-29-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

        Defendant.

_____

### <u>OPINION AND ORDER</u>[2]

### I.   <u>Status</u>

Glorivee Santiago Crespo ("Plaintiff") is appealing the Commissioner of

the Social Security Administration's ("SSA('s)") final decision denying her claim

for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is

the result of severe depression, anxiety, insomnia, sleep apnea, carpal tunnel

syndrome in both hands, neck problems, asthma, chronic sinus issues, and

---

[1]    Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. <u>See</u> Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed June 24, 2021; Reference Order (Doc. No. 15), entered June 24, 2021; and

tremors in her hand and head. Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed June 24, 2021, at 57, 74, 224. Plaintiff protectively filed an application for DIB on May 4, 2017, alleging a disability onset date of April 21, 2017.[3] Tr. at 204-07. The application was denied initially, Tr. at 56-71, 72, and upon reconsideration, Tr. at 73-93, 94, 102-09, 110.

On January 21, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] See Tr. at 40-55 (hearing transcript), 198-99 (appointment of representative documents). At the time of the hearing, Plaintiff was forty-eight years old. Tr. at 45 (stating Plaintiff's date of birth). On January 28, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 23-32.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by Plaintiff's counsel. See Tr. at 6-7 (Appeals Council exhibit list and order), 200-03 (request for review), 354-56 (brief). On September 22, 2020, the Appeals Council denied Plaintiff's request for review,

---

[3]     Although actually filed on May 22, 2017, see Tr. at 204, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as May 4, 2017, see, e.g., Tr. at 57, 74.

[4]     Plaintiff primarily speaks Spanish, so an interpreter assisted with interpreting the hearing. Tr. at 44.

Tr. at 3-5, thereby making the ALJ's Decision the final decision of the Commissioner. On January 6, 2021, Plaintiff commenced this action through counsel under 42 U.S.C. § 405(g) by timely[5] filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred by "failing to explain why [] Plaintiff's documented sleep apnea symptoms did not affect her residual functional capacity [('RFC')] or otherwise [were] not credible." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 19; "Pl.'s Mem."), filed September 21, 2021, at 6 (emphasis and capitalization omitted). On November 18, 2021, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem.") responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

---

[5]    Plaintiff sought an extension of time to file a civil action from the Appeals Council. Tr. at 1-2. Although not included in the administrative transcript, Defendant as part of its Answer admitted that Plaintiff's sought extension was granted on February 25, 2021. Answer (Doc. No. 12), filed June 24, 2021, at 1 ¶ 3.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 25-32. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since April 21, 2017, the alleged onset date." Tr. at 25 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the

---

[6]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

following severe impairments: fibromyalgia; degenerative joint disease of the right elbow; history of carpal tunnel syndrome; chronic kidney disease; asthma; obstructive sleep apnea; major depressive disorder; generalized anxiety disorder; impulse control disorder." Tr. at 25 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 26 (emphasis and citation omitted).

The ALJ determined Plaintiff has the following RFC:

[Plaintiff can] perform light exertional work as defined in 20 [C.F.R. §] 404.1567(b), except she cannot climb ladders, ropes, or scaffolds. She can frequently handle with the non-dominant left hand, occasionally reach overhead with the dominant right upper extremity, and frequently reach in all other directions with the dominant right upper extremity. She can occasionally push or pull with the bilateral upper extremities and bilateral lower extremities. She can tolerate occasional exposure to extreme heat, fumes, gases, strong odors, and other pulmonary irritants. She must receive her job instructions in Spanish or by demonstration. Additionally, she can perform simple, routine tasks with few changes in a routine work setting. She can have no public interaction, occasional interaction with co-workers not requiring group tasks or collaboration, and frequent but superficial interaction with supervisors.

Tr. at 27 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work" as "a Child Support Worker." Tr. at 31 (some emphasis and citation omitted). The ALJ then

proceeded to the fifth and final step of the sequential inquiry. Tr. at 31-32. After considering Plaintiff's age ("45 years old . . . on the alleged disability onset date"), education ("not able to communicate in English, and is considered in the same way as an individual who is illiterate in English"), work experience, and RFC, the ALJ again relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 31 (some emphasis and citation omitted), such as "Housekeeping," "Sorting," and "Hand Packager." Tr. at 32. The ALJ concluded Plaintiff "has not been under a disability . . . from April 21, 2017, through the date of th[e D]ecision." Tr. at 32 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322

(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in evaluating her subjective complaints, particularly her allegations of sleep apnea symptoms. Pl.'s Mem. at 6-8. According to Plaintiff, the ALJ found her sleep apnea to be a severe impairment at step two, but then failed to accept or reject "Plaintiff's complaints of excessive daytime sleepiness." Id. at 7. Plaintiff points to her function reports that are included in the administrative transcript, id. at 8, in which she indicated in response to several questions that she does not want to do anything but sleep,

Tr. at 272, 273, 276, 317, 320.[7] Responding, Defendant contends the ALJ adequately evaluated Plaintiff's subjective complaints, and substantial evidence supports the ALJ's findings. Def.'s Mem. at 4-8.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"In evaluating the intensity and persistence of a claimant's symptoms, the ALJ considers the entire record, including the objective medical evidence, the claimant's history, and statements of the claimant and [his or] her doctors." Belser v. Soc. Sec. Admin., Comm'r, No. 20-12121, 2021 WL 6116639, at *6 (11th Cir. Dec. 27, 2021) (unpublished) (citing 20 C.F.R. §§ 404.1529(c)(1)-(2)). The

---

[7]     Plaintiff's counsel recognizes that the function reports were completed in Spanish and states that "it is not known whether she made complaints of excessive daytime somnolence in these reports." Pl.'s Mem. at 8; see Tr. at 236-43, 244-51, 262-69. However, Plaintiff's Spanish reports were translated into English by interpreters. See Tr. at 271-82, 308-15, 316-24, 325-33. It is from these English translations that Plaintiff's counsel cites the complaints of wanting only to sleep.

Regulations in effect at the time of the ALJ's Decision provided that an ALJ

"will" also consider other factors related to symptoms such as pain, including:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii). To reject the claimant's assertions of

subjective symptoms, "explicit and adequate reasons" must be articulated by

the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v.

Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).[8]

---

[8]     In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

Here, despite Plaintiff's argument to the contrary, the ALJ did specifically address her complaints of excessive sleepiness and made RFC findings based specifically upon those complaints. First, the ALJ summarized Plaintiff's allegations and testimony about how her impairments affect her. Tr. at 28. The ALJ then found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision." Tr. at 28.

The ALJ next discussed the medical evidence, specifically referring to Plaintiff's reports of "excessive daytime sleepiness" and recognizing that "a polysomnogram shows moderate obstructive sleep apnea." Tr. at 28 (citation omitted). The ALJ credited the sleep apnea diagnosis and credited in part the sleepiness allegations, finding that Plaintiff "cannot climb ladders, ropes, or scaffolds" as a result. Tr. at 28. The ALJ concluded that Plaintiff's assigned RFC "is supported by the objective evidence of record, [Plaintiff's] allegations to the extent consistent with the record as a whole, the opinions of record and prior administrative medical findings . . . and other evidence of record." Tr. at 31. The ALJ adequately considered Plaintiff's subjective complaints, including her

complaints of excessive sleepiness, and the ALJ's findings are supported by substantial evidence.

## V.   Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 26, 2022.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record